# BETHLEHEM STEEL COMPANY *v.* UNITED STATES.

### APPEAL FROM THE COURT OF CLAIMS.

No. 191.   Argued March 15, 1918.—Decided April 15, 1918.

Having given bond to secure a contract with the Navy Department, claimant paid premiums after alleged compliance with the condition, and sued to recover the amount, contending that the Secretary of the Navy should have canceled the bond and notified the surety. It not appearing that claimant had bound itself to continue paying premiums until the Secretary so acted, *held*, that the payment was voluntary and gave no cause of action in the Court of Claims.

51 Ct. Clms. 394, affirmed.

THE case is stated in the opinion.

*Mr. James H. Hayden* for appellant.

*Mr. Assistant Attorney General Thompson* for the United States.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

The Bethlehem Steel Company entered into a contract, dated September 27, 1909, with the United States to manufacture and deliver for the Navy large quantities of several groups of armor plates, and agreed to replace any accepted .

armor which should prove defective within six months after it had been fastened on the ship. The contract required the company to furnish a bond with sureties in a sum equal to ten per cent. of the total cost of all groups, and provided that "at the end of each calendar year the amount of said bond may be reduced to correspond to the estimated cost of armor then undelivered." The bond was furnished; and delivery of all the armor originally specified was completed May 2, 1911. But on March 26, 1912, plates aggregating at cost prices more than the penalty of the bond were found to be defective, and a part of this was not replaced until November 22, 1912. On January 27, 1912, the company formally requested the Secretary of the Navy to cancel the bond and notify the surety, but he refused to do so except upon certain conditions which were not complied with until May 15, 1912, when the bond was canceled. The company had expended $5,509.62 in payment of premiums on the bond from May 3, 1911, until May 15, 1912, and demanded reimbursement by the Government. Payment being refused, suit was brought in the Court of Claims to recover this amount and also a balance of $3,170.69 for plate delivered. Judgment for the latter sum was entered; but the court held that the company was not entitled to recover for the premiums paid. The case comes here under § 242 of the Judicial Code.

The lower court held that the bond covered merely the original delivery of the armor plate and not the replacement of defective plates; but it refused recovery of the amount paid for premiums after May 3, 1911, on the ground that the payment thereof was voluntary, because the condition of the bond had then been complied with. The Government contends that the bond covered the replacement also; that the contract made reduction of the bond permissive, not mandatory; and that the Secretary was, in any event, under no obligation to cancel the

bond prior to the request made January 27, 1912. We have no occasion to consider any of these contentions. It nowhere appears that the company had bound itself to continue to pay premiums until the Secretary canceled the bond and gave the surety notice thereof. So far as disclosed by the record, the payment of premiums was voluntary. The judgment of the Court of Claims is

*Affirmed.*

MR. JUSTICE McKENNA dissents.